```
             UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

BENNY FITZWATER,
and CLARENCE BRIGHT, on behalf of
themselves and others similarly situated,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　Civil Action No. 2:16-cv-09849

CONSOL ENERGY, INC., and
CONSOLIDATION COAL CO., and
FOLA COAL CO., LLC, and
CONSOL OF KENTUCKY, INC., and
KURT SALVATORI

      Defendants.


EMMETT CASEY, JR.,
and CONNIE Z. GILBERT, on behalf of
themselves and others similarly situated,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　Civil Action No. 1:17-cv-03861

CONSOL ENERGY, INC.,
CONSOLIDATION COAL CO.,
BUCHANAN MINING CO., LLC, and
KURT SALVATORI

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to consolidate the above-styled cases filed on September 29, 2017 by the defendants in the <u>Casey</u> matter (ECF No. 11) with notice given in the <u>Fitzwater</u> case that same day (ECF No. 85).

Both cases seek to certify a class of retired mine workers whose medical, prescription drug, dental, vision, and life insurance benefits were terminated by defendants in 2014 or 2015. See Fitzwater Pls.' Mem. Supp. Mot. Certify Class at 2; Casey Compl. at 9, 24.

Federal Rule of Civil Procedure 42(a) covers the matter of consolidation and provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "[C]laims brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet" the standard of Fed. R. Civ. P. 42(a). Harris v. L & L Wings, 132 F.3d 978, 981 n.2 (4th Cir. 1997).

Consolidation is appropriate when doing so will foster clarity, efficiency, and the avoidance of confusion and prejudice. Allfirst Bank v. Progress Rail Servs. Corp., 178 F. Supp. 2d 513, 520 (D.Md. 2001) (citing Arnold v. Eastern Airlines, 681 F.2d 186, 192-93 (4th Cir. 1982)). "District courts have broad discretion under F.R. Civ. P. 42(a) to

consolidate causes pending in the same district." <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.</u>, 559 F.2d 928, 933 (4th Cir. 1977). Our court of appeals has identified factors to guide the district courts in exercising this discretion:

> The critical question for the district court in the final analysis [is] whether [1] the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Arnold</u> 681 F.2d at 193.

Defendants in the <u>Casey</u> matter argue that all of the factors favor consolidation of the action with <u>Fitzwater</u>. Defs.' Mem. Supp. Mot. Consolidation at 6. Plaintiffs respond that they do not oppose consolidation of the cases for the purposes of discovery, but they do not consent to the consolidation for any other purposes at this time. Pls.' Resp. Defs.' Mot. Consolidation at 1. Plaintiffs emphasize that the "factual allegations and many of the witnesses are distinct in these cases because they involve two separate groups of mine sites in different regions, meaning the two cases would necessarily proceed under independent tracks as distinct subclasses even if they were ultimately consolidated for trial." <u>Id.</u>

It appears to the court that consolidation of these matters is appropriate because both proposed classes bring claims raising the same factual and legal issues. Both cases are brought against substantially similar defendants and assert the same seven[1] causes of action for the same termination of retiree benefits. These benefits were terminated at the same time and in the same manner for the putative class members in both actions. See <u>Fitzwater</u> Am. Compl. at ¶¶ 25-27; <u>Casey</u> Compl. at ¶¶ 24-26. Although the proposed class in <u>Casey</u> worked at different mine sites from the proposed class in <u>Fitzwater</u>, all of the sites at issue were operated by CONSOL Energy, Inc. and its subsidiaries. Additionally, the proposed class in <u>Fitzwater</u> already includes workers from multiple mine sites in both West Virginia and Kentucky. Accordingly, there is little risk of prejudice or confusion resulting from consolidation.

Consolidation is further appropriate because it will reduce the burden on parties, witnesses, and the court; will reduce expenses to the parties; and will not substantially increase the time required to resolve both suits. The

---

[1] The proposed class in <u>Fitzwater</u> asserts an additional claim for coercive interference, 29 U.S.C. § 1141, but does not seek class certification on that matter. See Pls.' Mem. Supp. Mot. Certify Class at 13.

"interests of judicial economy" are best served by consolidation when there is "substantial overlap" between two related cases. <u>Coyne & Delany Co. v. Selman</u>, 98 F.3d 1457, 1473 (4th Cir. 1996); <u>see also</u> <u>Eldridge v. McCabe, Weisberg & Conway, LLC</u>, Nos. 1:12-CV-00287-RDB, 1:12-cv-00395-ELH, 2012 U.S. Dist. LEXIS 56403 at *3 (D.Md. Apr. 20, 2012).

Plaintiffs acknowledge that proceeding with separate discovery would be duplicative in time, cost, and resources. Pls.' Resp. Defs.' Mot. Consolidation at 4. Indeed, these inefficiencies apply to further briefings and trial for the resolution of the same claims which, if continuing separately, would result in the burden of duplicative proceedings, witness testimony, and costs to the parties. Plaintiffs' concern about the inconvenience of travel to Charleston for putative class members does not outweigh the efficiencies of consolidation, especially when the proposed <u>Fitzwater</u> class already includes "hundreds of beneficiaries . . . . distributed geographically across several southern counties of West Virginia and the Commonwealth of Kentucky, and perhaps adjacent states." Pls.' Mem. Supp. Mot. Certify Class at 7.

The court, accordingly, ORDERS that <u>Casey</u>, Civil Action 1:17-cv-03861, be, and it hereby is, consolidated with <u>Fitzwater</u>, Civil Action 2:16-cv-09849. The <u>Fitzwater</u> case is designated as the lead action, and all further filings shall be captioned and docketed in that case.

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and any unrepresented parties.

DATED: December 22, 2017

John T. Copenhaver, Jr.
United States District Judge