# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

BENNY FITZWATER, CLARENCE
BRIGHT, TERRY PRATER,
EMMET CASEY, JR., CONNIE Z.
GILBERT, ALLAN H. JACK, SR.,
and ROBERT H. LONG,

                    Plaintiffs,

v.

                    CIVIL ACTION NO.  2:16-cv-09849
                    Consolidated with:
                    CIVIL ACTION NO. 1:17 -cv-03861

CONSOL ENERGY, INC.,
CONSOLIDATION COAL CO.,
FOLA COAL CO., LLC,
CONSOL OF KENTUCKY, INC.,
CONSOL PENNSYLVANIA COAL CO.,
LLC, and KURT SALVATORI,

                    Defendants.

### MEMORANDUM OPINION AND ORDER

Following the Fourth Circuit's affirmation of the court's final judgment in this matter, Plaintiff Allan H. Jack, Sr. moved this court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). [ECF No. 381]. Because Jack fails to satisfy the prerequisites for relief under Rule 60(b), the motion is **DENIED**.

## I.      BACKGROUND

In 2015, Defendant CONSOL Energy, Inc. ("CONSOL") terminated its retiree welfare benefits plan. The Plaintiffs, seven retired coal miners who worked at mine sites owned by

1

CONSOL during various times between 1969 and 2014, subsequently sued, alleging multiple violations of ERISA stemming from the plan's termination. The Plaintiffs sought to certify a class on three occasions, and thrice the court denied the same. [*See* ECF Nos. 100 (denied as moot); 203 (denied for failure to satisfy commonality and typicality requirements; failure to state a claim); 244 (denied on timeliness grounds)]. Relevant here, the court denied summary judgment, *inter alia*, as to Plaintiffs' claim for breach of fiduciary duty, [*see* ECF No. 262], and conducted a bench trial on Plaintiffs' remaining claims in February 2021.

Following trial and submission of post-trial briefing on the breach-of-fiduciary-duty claim, the court found in favor of Plaintiffs Prater and Bright only. Regarding Plaintiff Allan H. Jack, Sr., the court found that Jack proved his claim for breach of fiduciary duty by a preponderance of the evidence, [*see* ECF No. 339, at 61–63], but the claim was time-barred under ERISA. In reaching this conclusion, the court considered whether the "fraud or concealment" exception to ERISA's statutory time-bars applied to Jack. [*See id.*, at 69–74]. The court determined it did not because "[t]he course of conduct taken by CONSOL in relation to Jack [fell] short of a plan 'designed to conceal evidence.'" [*Id.*, at 73]. Accordingly, because Jack did not bring his claim until March 1, 2018—"over eight years after the last breach of fiduciary duty as to him by CONSOL," [*id.*, at 70], and over three years after he "gained actual knowledge of the breach of fiduciary duty . . . in Fall of 2014," [*id.*, at 72]—the court found Jack's claim time-barred by both 29 U.S.C. § 1113 (1) and (2), [*id.*, at 74].

On appeal, Jack challenged the court's findings as to the timeliness of his claim, contending that equitable tolling should have been applied pursuant to the Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *See Fitzwater v. Consol Energy, Inc.*, No. 24-2088, 2026 WL 595435, at *6 n.8 (4th Cir. Mar. 3, 2026). The Fourth Circuit did not

reach Jack's argument "because Plaintiffs failed to preserve it below." *Id.* (citing *Bell v. Brockett*, 922 F.3d 502, 513 (4th Cir. 2019) ("Appellants may not raise arguments on appeal that were not first presented below to the district court.")). On March 3, 2026, the Fourth Circuit affirmed this court's decision as to all Plaintiffs, "conclud[ing] that the district court properly applied ERISA's governing principles, credited evidence where warranted, and rejected claims where the proof fell short." *Id.* at *1.

Now, Jack seeks relief from this court's judgment of September 30, 2024, on the grounds that (1) "applying the judgment against Mr. Jack prospectively is no longer equitable in light of the Fourth Circuit Court of Appeals' recent decision . . . declining to address his equitable tolling arguments"; (2) "Jack proved his breach of fiduciary duty claim on the merits at trial"; and (3) "the immense public concern surrounding this complex ERISA litigation justifies equitable relief." [ECF No. 381, at 1].

More specifically, Jack contends it is no longer equitable to apply the court's judgment to Jack prospectively because "what the Plaintiffs consistently argued throughout this litigation was, fundamentally, equitable tolling—and if Plaintiff Jack is entitled to relief in equity, he should be afforded that relief." *Id.*, at 3. Although Jack acknowledges that he "did not explicitly cite the *American Pipe* case as a basis for equitable tolling during the post-trial briefing," he maintains that the failure to "raise that specific doctrinal variation until the appeal should not preclude the Court from considering it now, as a matter of equity, after rendering its verdict." *Id.*, at 3–4. To this end, Jack asks the court to consider CONSOL's "shifting timeline" for presenting its statute of limitations defense. He asserts that CONSOL "essentially abandoned [its] statute of limitations arguments" until it raised the defense in its post-trial briefing. *Id.*, at 3. Accordingly, Jack alleges that CONSOL not only waived the argument, *see id.*, but also "deprived [Jack] of a fair opportunity

to fully brief and preserve the *American Pipe* doctrine prior to the appeal," *id.*, at 7. Although Jack did have an opportunity to counter CONSOL's statute of limitations argument with his original six-year tolling argument under ERISA's fraudulent concealment exception, he maintains that because the court "has now considered and rejected the argument for six-year tolling, it is reasonable and consistent with principles of equity and foregoing case law . . . to reconsider whether alternate grounds, such as under *American Pipe*, could be considered to save [Jack's] claim." *Id.*, at 6.[1]

In addition, Jack notes that relief under both Rule 60(b)(5) and (b)(6) is "especially important" in cases of public concern. *Id.*, at 7. He argues that this case presents a matter of public concern because "[t]he implications of CONSOL's breach of fiduciary duties under ERISA affect the interests of thousands of retired miners, which could affect future conduct involving many other parties." *Id.*, at 8. Further, Jack maintains that the court's denial of his claim "due to a preservation technicality on a defense raised substantively for the first time post-trial [ ] undermines the institutional reform and public protection goals inherent in ERISA." *Id.*

Finally, Jack contends his motion is timely because the parties "promptly filed cross-appeals within a matter of days of the underlying judgment" and it would have been "futile and potentially an imprudent use of the Court's resources" to address a Rule 60(b) motion while the cross-appeals remained pending. *Id.*, at 9.

CONSOL opposes the motion on two grounds: first, that Jack impermissibly "asks this Court to reconsider the judgment of the Fourth Circuit" in violation of the mandate rule; and second, that "Jacks fails to satisfy the requirements for relief under Rule 60(b)(5) or 60(b)(6)." [ECF No. 383, at 2]. Regarding the mandate rule, CONSOL contends "Rule 60(b) does not permit

---

[1] Jack provides no "foregoing case law" to support this assertion.

a district court to alter an appellate court's ruling where the appellate court has already considered the issues that form the basis of the Rule 60(b) motion." *Id.*, at 3. Here, CONSOL notes that Jack's arguments "are the exact points" he presented to the Fourth Circuit, and which the Fourth Circuit determined to be waived. *Id.*, at 4. Rather than "circumvent the judgment of the appellate court," CONSOL asserts that Jack's recourse "was to petition the Supreme Court for a writ of certiorari." *Id.* As to its second argument, CONSOL maintains that Jack can satisfy neither the general threshold requirements for relief under Rule 60(b) nor the specific prerequisites for relief under subsections 60(b)(5) and (b)(6).

In reply, Jack maintains that the mandate rule does not bar relief and contends that "[w]hen an appellate court declines to reach an issue on procedural grounds, the district court retains its inherent equitable power under Rule 60(b) to prevent a manifest injustice." [ECF No. 386, at 2]. He insists that he "readily satisfies the threshold requirements" of Rule 60(b), though he does not discuss the specific requirements of subsections (b)(5) or (b)(6). *See id.*, at 2–3. Nevertheless, Jack reiterates that relief under either Rule 60(b)(5) or (b)(6) is "highly appropriate" here "given the sweeping ERISA implications and public concern of this case." *See id.*, at 3–4.

## II.     LEGAL STANDARD

To succeed on a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b), "a moving party must first show (1) that the motion is timely, (2) that [the moving party] has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). In addition, the moving party must satisfy one of the enumerated Rule 60(b) grounds for relief. *Id.* Those grounds include, *inter alia*, when "applying [the judgment] prospectively is no longer equitable," Fed. R.

Civ. P. 60(b)(5), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Regardless of the specific relief sought, the moving party must bring the motion "within a reasonable time." Fed. R. Civ. P. 60(c).

The "no longer equitable clause" in Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," but it allows a court to grant relief from a final judgment if "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation marks omitted). "The party seeking relief [under Rule 60(b)(5)] bears the burden of establishing that changed circumstances warrant relief." *Id.*

Rule 60(b)(6) is a "catch-all" provision. *Gray*, 1 F.3d at 266. It has been characterized as a "grand reservoir of equitable power to do justice in a particular case." *Id.* (quoting 7 Moore's Federal Practice ¶ 60.27[1] at 60–266 (1993)). However, the Fourth Circuit has cautioned that this provision should only "be invoked upon a showing of exceptional circumstances." *Id.* (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

## III.   DISCUSSION

As a preliminary matter, the court finds that it has jurisdiction to consider Jack's post-appeal Rule 60(b) motion. *Standard Oil Co. of California v. United States*, 429 U.S. 17, 17 (1976) ("[T]he District Court may entertain a Rule 60(b) motion without leave by this Court.")[2]; *see also Doyle v. Padula*, 579 F. App'x 159, 160 (4th Cir. 2014).

---

[2] Jack complains that "Defendants relegate [*Standard Oil*] to a footnote, […] which supports Plaintiff's position," [ECF No. 386, at 2]. This is perplexing, as *Standard Oil* is cited nowhere in Jack's Motion. Indeed, Jack provided no legal basis for the court's jurisdiction, nor did he address the relevant prerequisites for relief under Rule 60(b), until his Reply.

### A. The Mandate Rule

Jack asks the court to grant him relief under Rule 60(b)(5) and (b)(6), "vacate the judgement entered against him, apply equitable tolling under *American Pipe*, and reform his retiree welfare benefits plan." [ECF No. 386, at 4]. CONSOL argues that Jack's request, in effect, asks the court to violate the mandate of the Fourth Circuit by granting relief on issues already presented, and rejected, on appeal. [*See* ECF No. 383, at 3–4]. Jack insists that, "[b]ecause the Fourth Circuit explicitly declined to reach the merits of the *American Pipe* tolling argument, granting Rule 60(b) relief to consider that exact argument now does not contradict the appellate court's mandate." [ECF No. 386, at 2].

Although the mandate rule does not prevent the court from hearing Jack's motion, the court finds that the rule does preclude Jack's arguments for relief. "The mandate rule is a 'more powerful version' of the law of the case doctrine." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 291 (4th Cir. 2021) (quoting *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005)). It "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Id.* (quoting *Volvo Trademark Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007)). Here, on appeal, the Fourth Circuit declined to reach Jack's equitable tolling argument under *American Pipe* "because Plaintiffs failed to preserve it below." *Fitzwater v. Consol Energy, Inc.*, No. 24-2088, 2026 WL 595435, at *6 n.8 (4th Cir. Mar. 3, 2026). Jack's failure to raise the argument before this court not only foreclosed litigation of the *American Pipe* argument on appeal, but also before this court on consideration of the Rule 60(b) motion. *See Volvo*, 510 F.3d at 48 ("[A]bsent exceptional circumstances, the mandate rule . . . forecloses relitigation of issues expressly or impliedly decided by the appellate court." (internal quotation and citation omitted)); *Watson v. Altizer*, No. 24-6288,

2024 WL 4200054, at *1 (4th Cir. Sept. 16, 2024) (citing *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) ("[B]ecause Watson's Rule 60 motion raised only a claim that this court had already considered and rejected in affirming the underlying judgment, we conclude that the district court did not err in deeming the motion moot.").

Regardless, despite Jack's assertion that the court may consider the merits of his *American Pipe* equitable tolling argument at this juncture, he fails to articulate those merits in his briefing. Even if the mandate rule did not preclude his arguments herein, without more, the court would not be able to grant Jack the specific relief he seeks.

### B.  Relief under Rule 60(b)

Notwithstanding any effect of the mandate rule, Jack fails to satisfy his evidentiary burden under Rule 60(b). The Rule generally requires a moving party to demonstrate that the motion is timely, that the moving party has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice if the judgment is set aside. *See United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).

Even assuming, *arguendo*, that Jack meets those threshold requirements, he cannot satisfy the specific requirements of subsections 60(b)(5) or (b)(6). Significantly, as required by Rule 60(b)(5), Jack cannot demonstrate that "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation marks omitted). The statutory provisions of ERISA remain unchanged, and so, too, do Jack's circumstances. Nor is Jack's theory of relief based on new law. The Supreme Court decided *American Pipe* in 1974. Jack could have discovered—and raised—his proposed argument alongside his earlier-presented equitable tolling theories. He did not. Accordingly, relief under Rule 60(b)(5) is inappropriate.

Likewise, Jack cannot satisfy Rule 60(b)(6), which "should only be invoked upon a showing of exceptional circumstances." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). In his Reply, Jack asserts that "exceptional circumstances exist here because the preservation failure at the district court level was entirely manufactured by Defendants' own procedural gamesmanship." [ECF No. 386, at 3]. But in the same breath, he acknowledges that "it was at minimum excusable neglect that Plaintiff's counsel failed to raise their *American Pipe* tolling doctrine before the close of the record." *Id.* In any event, Jack provides no authority to suggest that the alleged gamesmanship of defense counsel or plaintiffs' counsel's excusable neglect are "the exact type of exceptional circumstance Rule 60(b) was designed to remedy." *Id.* Finally, although Jack also claims that the "sweeping ERISA implications [of this case] and public concern" justify "flexible application of Rule 60(b)" here, *id.*, he again provides no relevant authority to which the court can look to make such a determination in this context. Accordingly, the presented grounds do not warrant relief under Rule 60(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, the court finds that Jack has failed to demonstrate that relief from the court's final judgment is warranted under either Rule 60(b)(5) or (b)(6). Therefore, his Motion for Relief from Judgment, [ECF No. 381], is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:         July 28, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9